ORDER DENYING PETITIONER’S “REQUEST FOR NEW HEARING OR JUDGMENT”
KATHARINE ENGLISH, Chief Judge.
A. INTRODUCTION; BACKGROUND
On May, 10, 2002, this Court entered its order affirming the final employment decision in this case. Petitioner, who had been employed by Spirit Mountain Gaming Inc. (Spirit Mountain), until his employment was terminated because he had too many absences from work, appealed the termination of his employment, contending that Spirit Mountain had violated Title 1 of the Americans with Disabilities Act (ADA) and Family Medical Leave Act (FMLA). The Court rejected Petitioner’s claims, based on the conclusion that Spirit Mountain is not an “employer” with in the meaning of Title 1 of the ADA, and On the determination that the record did not permit the Court to find that Petitioner had worked the required number of hours (1,250) “during any possibly pertinent 12-month period[.]”
(Order at 7). That determination lead the Court to reject Petitioner’s FMLA claim.
On May 31, 2002, -well into the 30-day period for filing an appeal-the Court received and filed Petitioner’s “request for new hearing of judgement.” In that request Petitioner did not challenge the Court’s conclusion regarding his ADA claim, but, with respect to his FMLA claim, he contended that the Court had erred by requiring him to produce evidence demonstrating that he had worked the requisite number of hours. Alternatively, he argued that he had produced such evidence. Spirit Mountain filed a response to Petitioner’s Motion on June 26, 2002,-well after the time for appealing the Court’s decision had elapsed-arguing that Tribal law provided no authority for Petitioner’s motion (which Spirit Mountain characterized as a request for rehearing of reconsideration) and that, in any event, the Court had not erred because the burden was correctly placed on Petitioner to prove his entitlement to FMLA benefits in this case. For the reasons that follow, this Court declines to reconsider its earlier decision or to grunt Petitioner a “new hearing or judgement.”
B. Discussion
This Court concluded that it need not decide whether it has authority to recon *141 sider its decisions, either at all or, in all events, after the time for appeal has passed. Based on that conclusion, the Court also need not decide what the limits of its authority to reconsider might be, assuming the Court has such authority. Assuming, without deciding, that the Court has such authority here, the Court declines to exercise it because it does not appear that the Court erred. With respect to Petitioner’s FMLA claim, the Court correctly placed the burden of proof on him and he did not sustain that burden.
FMLA case law squarely placed the burden of proof on an employee. See Kohls v. Beverly Enterprises Wisconsin, Inc., 259 F.3d 799, 804 (7th Cir.2001) (“When an employee alleges that the employer interfered with her substantive rights under the FMLA, we require her to establish [ ] by a preponderance of the evidence, that [s]he is entitled to the benefit she claims”) (citation and internal quotations marks omitted); Bachelder v. America West Airlines Inc., 259 F.3d 1112, 1126 (9th Cir.2001) (same); Strickland v. Water Works and. Sewer Bd., 239 F.3d 1199, 1206-07 (11th Cir.2001) (same); Hypes on Behalf of Hypes v. First Commerce Corp., 134 F.3d 721, 726 (5th Cir.1998) (same).[1] Furthermore, even if the FMLA case law were not squarely against Petitioner’s position, the Tribe’s Employment Action Review Ordinance appears to place the burden of persuasion on the Petitioner, who must demonstrate to the Court that his substantial rights have been denied by the final employment decision. Tribal Code section255.5 (d)(8).
Petitioner does not cite any case law in support of his position. He accuses the Court of having “blind sidefd]” him when the Court concluded that he had not proven that he had worked the required number of hours during any possibly pertinent time period. It is true that the Court may have seen a gap in the record not cited by Spirit Mountain. But Courts are not limited to issues briefed by the parties if the record and ease law reveal a pivotal issue overlooked by the parties; nor are courts required to, and indeed should not, reach issues briefed by the parties when it not necessary to do so. In the Court’s view, this is such a case.
Petitioner also argues that the burden of proof should be placed on the employer because the employer has his employment records, but the relevant case law is against him and, In any event, nothing in the record indicates that Petitioner could not have requested and received those records from Spirit Mountain. Finally, Petitioner argues that he proved that he had worked the required number of hours, but he relies on an assertion in his brief filed with the Court and on a statement he made in argument. Neither of those assertions amounts to “evidence,” particularly in this case, where the record is limited to that made before the Internal Review Board. Employment Action Review Ordinance, Tribal Code. § 255.5(d)(7).
IT IS HEREBY ORDERED:
1. For the reasons given above, the Court declines to reconsider its earlier decision in this case or to grant Petitioner’s request for a new hearing or judgment.

. Petitioner contends that Spirit Mountain “raised the issue of 1250 hours as an affirmative defense” (request 1), but it is not clear why he reaches that conclusion. In any event, the issues of who bears the burden of proof, and what the applicable burden is, are legal issues for the Court's determination.